UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| C. THORREZ INDUSTRIES, INC., | ) | CASE NO.  5:09-cv-01986 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| LUK TRANSMISSIONS SYSTEMS, LLC | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion of Defendant LuK Transmission Systems, LLC ("LuK Transmissions") to dismiss Plaintiff C. Thorrez Industries, Inc.'s ("Thorrez") complaint (Doc. No. 1) for improper venue pursuant to Rule 12(b)(3) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Doc. No. 5.) While LuK Transmissions styles its motion to dismiss in a conjunctive manner and asserts both Rules 12(b)(3) and 12(b)(6) as warranting dismissal, it is clear that its theory of dismissal is identical as to both grounds: it contends that the forum selection clause as contained in the Contract demands dismissal. For the reasons that follow, the Court **GRANTS** LuK Transmissions's motion to dismiss pursuant to Rule 12(b)(6).

I.      FACTUAL AND PROCEDURAL HISTORY

The facts of this case are taken from Plaintiff's Amended Complaint (Doc. No. 1) and Opposition (Doc. No. 8) and are assumed true for the purposes of this Memorandum Opinion and Order. Thorrez is a Michigan corporation with its principal place of business in Jackson, Michigan. LuK Transmissions is a Delaware limited liability company with its principal

place of business in Wooster, Ohio. Thorrez and LuK Transmissions entered into a contract ("the Contract") whereupon Thorrez agreed to manufacture and deliver parts to LuK Transmissions. (Doc. No. 1 Ex. A.) The Contract contained a forum selection clause, which reads, in its entirety:

> The validity, interpretation and performance of the contract between the seller and LuK shall be governed by and constituted in accordance with the State of Ohio as applied without resort to conflict of Law provisions. Any actions or proceedings to enforce this contract shall be venued in Wayne County, OH. Seller upon execution and performance of this contract hereby consents to the personal jurisdiction of the State and/or federal courts having jurisdiction in Wayne County Ohio.

(*Id.* at ¶ 22.)

Apparently, although not entirely clear from the pleadings, a dispute ensued and LuK Transmissions obtained an *ex parte* injunction in the Wayne County Court of Common Pleas requiring Thorrez to continue shipping parts to LuK Transmissions. (Doc. No. 8 at p. 6.) According to Thorrez, in order to have the injunction lifted and allow Thorrez to terminate the Contract, the parties entered into a settlement agreement ("the Settlement Agreement"). (Doc. No. 1 Ex. B.) Relevant here, the Agreement included the following provisions:

> 4. Each party agrees that all the terms and conditions contained in LuK's production purchase order [the Contract] terms and conditions for all three part numbers will remain in full force and effect through June 30, 2009.
>
> 6. This Agreement shall be governed by the laws of the State of Ohio. The parties this Agreement [sic] submit to the exclusive jurisdiction of the Common Pleas Court of Wayne County, Ohio for the adjudication of any disputes arising from this Agreement.

(*Id.*)

On August 25, 2009, Thorrez filed its complaint. (Doc. No. 1.) On October 26, 2009, LuK Transmissions filed a motion to dismiss. (Doc. No. 5.) On November 19, 2009, Thorrez filed an opposition. (Doc. No. 8.) LuK Transmission did not file a reply. Against this backdrop, this matter is ripe for adjudication.

## II.  LAW AND ANALYSIS

**A.  12(b)(3)**

LuK Transmissions first brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Rule 12(b)(3) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: [. . .] (3) improper venue." A motion to dismiss for improper venue pursuant to 12(b)(3) will only be granted if the case was not filed in a venue prescribed by 28 U.S.C. § 1391. *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 536 (6th Cir. 2002).

The proper procedural vehicle for dismissing a case on the basis of a forum selection clause has been the source of considerable debate and some confusion. *See Heinz v. Grand Circle Travel*, 329 F. Supp. 2d 896, 899 n.6 (W.D. Ky. 2004) (collecting cases evidencing a split among the circuit courts of appeals as to whether Rule 12(b)(1), 12(b)(3), 12(b)(6), or 28 U.S.C. § 1404(a) is the answer to the "vexing" question of which is the proper manner to dispose of a case where a party seeks to enforce a forum selection clause). Late last year, however, the Sixth Circuit stated that "forum selection clause[s] should not be enforced through dismissal for improper venue under FRCP 12(b)(3) because these clauses do not deprive the court of proper venue." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009).

**B.  12(b)(6)**

The propriety of dismissal pursuant to Rule 12(b)(6) is a question of law and "[d]ismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.*, 335 Fed. Appx. 587 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate*

3

*Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett*, 332 Fed. Appx. 232 (6th Cir. 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir. 1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [. . .]. Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank*, 333 Fed. Appx. 994 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))).

The Sixth Circuit has implicitly endorsed Rule 12(b)(6) as a proper vehicle upon which to dismiss a case where a defendant seeks to enforce a forum selection clause. *See Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008). *Langley* involved a contract dispute brought in a federal court in Kentucky, despite a forum selection clause that stated all disputes under the contract "shall be brought only in a state or federal court sitting in New York County in the State of New York." *Id.* at 366. The district court found the contracts invalid, and hence the forum selection clause unenforceable. *Id. Per curiam*, the Sixth Circuit reversed. Relevant here, *Langley* stated:

> While we would find the forum selection clause enforceable, Defendant has not yet moved for enforcement of the clause through either a motion to transfer venue under 28 U.S.C. § 1404(a) or a motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim.

*Id.* at 369. Therefore, this Court finds that Rule 12(b)(6) is the appropriate rule for enforcing a forum selection clause.

**C.     Analysis of the Forum Selection Clause**

   *1.     The Forum Selection Clause is Mandatory, Not Permissive*

The Sixth Circuit's recent decision in *Wong v. PartyGaming* definitively establishes that the enforceability and interpretation of a forum selection clause in a diversity suit is governed by federal law. *Wong*, 589 F.3d at 828. "Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 17 (1st Cir. 2009). "Whether a forum selection clause is mandatory depends on its language, and generally courts will not enforce a clause that specifies only jurisdiction in a designated court without any language indicating that the specified jurisdiction is exclusive." *Salis v. Am. Exp. Lines*, 331 Fed. Appx. 811, 813 (2d Cir. 2009) (citations omitted). The language of the forum selection clause determines its scope. *Id.* "[M]andatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3803.1 (3d ed. 1998).

   In this case, the forum selection clause contains "clear language" specifying that any actions to enforce the Contract "shall be venued in Wayne County, OH." This language indicates that "the specified jurisdiction is exclusive." *See Salis, supra.* This language is both quite clear, naming a specific venue, and unequivocally mandatory, using the word "shall." *See Sterling Forest Associates, Ltd. v. Barnett-Range Corp.*, 840 F.2d 249, 252 (4th Cir. 1988), *overruled on other grounds by Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495 (1989) (stating that the word "'shall' generally indicates a mandatory intent"). *See also Davis Media Group, Inc. v. Best Western Int'l, Inc*., 302 F. Supp. 2d 464, 467 (D. Md. 2004) (finding a forum selection clause with the word "shall" to be mandatory); *Double A Home Care,*

5

*Inc. v. Epsilon Sys., Inc.,* 15 F. Supp. 2d 1114, 1116 (D. Kan. 1998) (finding that a clause providing that any "action shall be venued in the County of Ramsey, State of Minnesota" was mandatory and "clearly required venue in Minnesota state court").

> 2. *The Forum Selection Clause Requires this Action to be Venued in Wayne County, Notwithstanding the Additional Requirement Mandating Jurisdictional Consent*

Thorrez argues in opposition that "[t]he forum selection clause allows jurisdiction in this Court but requires venue in Wayne County, Ohio." (Doc. No. 8 at p. 4.) To the extent that the forum selection clause mandates the consent "to the personal jurisdiction of the State and/or federal courts having jurisdiction in Wayne County Ohio," this assertion is clearly correct. But it does not necessarily follow, as Thorrez argues, that "the forum selection clause is apparently ambiguous because it is capable of more than one construction." (*Id.* at 5.) Thorrez argues that it interprets the forum selection clause to mean, "if federal jurisdiction is invoked, then venue must be placed in the federal court which encompasses Wayne County, Ohio." Thorrez's interpretation cannot be sustained, however, because, as a district court in this Circuit has explained, "[j]urisdiction and venue are not the same thing." *Rejects Skate Magazine v. Acutrack, Inc.*, No. 05-0381, 2006 U.S. Dist. LEXIS 19504 at *2 (M.D. Tenn. Mar. 29, 2006) (rejecting argument that consent to jurisdiction of Tennessee courts estopped defendant from seeking a transfer of venue). Therefore, even though the forum selection clause *additionally* requires the parties' consent to personal jurisdiction "of the State and/or federal courts having jurisdiction in Wayne County Ohio," this clause does not affect, or, as argued by Thorrez "inherently contradict[]," the separate requirement that "[a]ny actions or proceedings to enforce this contract shall be venued in Wayne County, OH."

Thorrez next argues that even if the forum selection clause requires (as it does)

6

that this lawsuit be venued in Wayne County, venue is proper because "this Court could be physically based in Wayne County." In support of this argument, Thorrez cites Local Rule 3.9, which states "[t]he Chief Judge, upon the recommendation of the appropriate Committee of the Court and with the approval of a majority of the active District Judges, may designate and assign any District Judge of the District to any place of holding court or division within the District whenever the business of such place or division so requires." LOCAL R. 3.9. This argument, while creative, lacks merit.

In the first instance, Local Rule 3.9 does not create a substantive right for a party who has entered into a contract containing a mandatory forum selection clause requiring venue in a certain county to have a district judge dispatched to that county so as to allow that party to bring a lawsuit in federal court in that county. Next, even accepting, *arguendo*, Thorrez's argument that "this Court could be physically based in Wayne County," this Court is *not* physically based in Wayne County. Indeed, there is no federal court in Wayne County, Ohio. Moreover, and not surprisingly, Thorrez provides no case law to support his theory. Indeed, courts that have addressed forum selection clauses designating venue in a particular county have ruled that where venue is specified in a county that has no federal court, the clause cannot reasonably be interpreted to permit suit in a federal court located in a different county. *See, e.g., Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318 (10th Cir. 1997) (construing forum selection clause that "jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" as requiring that action be brought and litigated in the state district court of El Paso County, Colorado, and rejecting argument that the clause could be reasonably interpreted to allow removal of the case to federal district court that sits in El Paso County because, for federal court purposes, venue is not stated in terms of counties but in terms of

7

judicial districts and "because the language of the clause refers only to a specific county and not to a specific judicial district, [. . .] venue is intended to lie only in state district court"); *Docksider, Ltd. v. Sea Tech.*, 875 F.2d 762, 764 (9th Cir. 1989) (holding that a clause providing that "[l]icensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" was a mandatory clause requiring dismissal of the action from federal court because the clause "clearly designates the state court in Gloucester County, Virginia as the exclusive forum"); *Relm Wireless Corp. v. C.P. Allstar Corp.*, 265 F. Supp. 2d 523 (E.D. Pa. 2003) (granting motion to dismiss based on forum selection clause providing that "this Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania with venue in Chester County," reasoning that though the clause does not on its face mandate that suit be brought in state court, venue was clearly laid in Chester County, and though federal court has jurisdiction over Chester County, it is not a court that has venue in Chester County); *Intermountain Systems v. Edsall Const. Co.*, 575 F. Supp. 1195, 1198 (D. Colo. 1983) (rejecting similar argument that forum selection clause providing "venue shall be in Adams County, Colorado," could be construed to allow removal to federal district court in Colorado).

### 3. The Forum Selection Clause Applies to All Claims

Thorrez next advances a fallback argument. Specifically, Thorrez maintains that even if the forum selection clause applies to bar this Court from hearing its breach of contract claim, its alternative claims of account stated and unjust enrichment fall outside the scope of the venue provision, which states, "[a]ny actions or proceedings to enforce this contract shall be venued in Wayne County, OH." (Doc. No. 8 at p. 6.) The scope of a forum selection clause is a matter of contractual interpretation, and whether a claim is "to be governed by forum selection

8

provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 693 (8th Cir. 1997). In light of Thorrez's two-sentence argument as to this claim, which is completely devoid of any legal authority or analysis whatsoever, and the nature of Thorrez's account stated and unjust enrichment claims, the Court holds that the forum selection clause applies to both Thorrez's account stated and unjust enrichment claims.

Ohio recognizes "account stated" as a cause of action. *Hamilton Farm Bureau Coop., Inc. v. Ridgway Hatcheries Inc.*, 2004 Ohio 809 (Ohio Ct. App. 2004). "An 'account stated' is an arithmetical computation or accounting of a series of transactions on a continuing open account between a creditor and its debtor or an arithmetical computation of previously liquidated monetary debts that created a debtor-creditor relationship, followed by the assent of both parties to the computation as accurate." 13-72 CORBIN ON CONTRACTS § 72.1 (2009). "An action on an account stated may be predicated on a contract involving the proper subject matter of an account where the parties have agreed to a definite amount as to the correct balance due thereon." *Personal Income Consultants, Inc. v. Mamone*, 20 Ohio App. 3d 273, 274 (Ohio Ct. App. 1984). In this case, Thorrez bases its account stated claim on itemized invoices for the "manufacture[] and deliver[y] [of] automotive parts to LuK." (Doc. No 1 at ¶¶ 24-27.) Moreover, Thorrez's breach of contract claim reveals "Thorrez entered into a contract with LuK on an open account to provide the Work in accordance with LuK's plans and specifications. (*Id.* at ¶ 19.) Put very simply, Thorrez's account stated claim is inseparable from its contract claim. Any evaluation of the account stated claim will necessitate a decision on the enforcement of the contract, a decision which the forum selection clause requires to be made in Wayne County.

A claim for unjust enrichment is an equitable claim, and is based on a legal fiction

9

where courts will imply a "contract" as a matter of law. *See Wuliger v. Mfrs. Life Ins. Co. (USA)*, 567 F.3d 787, 799 (6th Cir. 2009) ("Unjust enrichment is an equitable doctrine to justify a quasi-contractual remedy that operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another.") An implied-in-law, "quasi-contract," however, is neither necessary nor appropriate when an express contract governs the dispute between the parties. "Where, however, there is an enforceable express or implied in fact contract that regulates the relations of the party or that part of their relations about which issues have arisen, *there is no room for quasi contract*." 1-1 CORBIN ON CONTRACTS § 1.20 (emphasis added). Examining Thorrez's unjust enrichment claim, it is, again, inseparable from its contract claim. Specifically, Thorrez alleges that it "conferred a benefit upon LuK through the manufacture and delivery of automotive parts" and that "it is unjust to allow LuK to retain and enjoy the benefit of conferred upon it by Thorrez without payment." (Doc. No. 1 at ¶¶ 32, 34.) Any evaluation of this claim, again, will require a court to determine whether a valid contract exists, and the whether the parties fulfilled their duties and obligations under the contract, a decision which the forum selection clause requires to be made in Wayne County. *See, e.g., Alliance Communs. Coop., Inc. v. Global Crossing Telecomms., Inc.*, No. 06-4221, 2007 U.S. Dist. LEXIS 48091 (D.S.D. July 2, 2007) (applying forum selection clause to claim for unjust enrichment where "[t]he viability of [plaintiff's] unjust enrichment or quantum meruit claim thus depends on whether [defendant] received a benefit without paying for it, which in turn depends on whether [defendant] fulfilled its obligations under the [contract].").

Therefore, the Court holds that the forum selection clause applies to all of Thorrez's claims.

      4.     *Enforceability of the Forum Selection Clause*

Thorrez contends that the forum selection clause should not be enforced. As discussed above, the Sixth Circuit recently established that the enforceability and interpretation of a forum selection clause in a diversity suit is governed by federal law. *See Wong*, *supra*. In *Wong*, the court set forth guidelines to determine whether a particular forum selection clause should be enforced, and held:

> A forum selection clause should be upheld absent a strong showing that it should be set aside. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). When evaluating the enforceability of a forum selection clause, this court looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999). The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995).

*Wong*, 589 F.3d at 828.

In its opposition, which, again, cites no legal authority in support, however, Thorrez does not address the forum selection clause at issue in the Contract, but the forum selection clause contained in the Settlement Agreement. Thorrez argues that the forum selection clause in the Settlement Agreement, which provides for "the exclusive jurisdiction of the Common Pleas Court of Wayne County, Ohio" conflicts with paragraph four of the Settlement Agreement, which specifies that "all terms and conditions contained [in the Contract] [. . .] will remain in full force and effect" and "create[s] an additional ambiguity." (Doc. No. 8 at p. 7.) In the first instance, the provisions of the Settlement Agreement and the Contract do not conflict: each requires, albeit in different terms, any lawsuit to be brought in the Wayne County Court of Common Pleas. Second, neither party has asserted that the forum selection clause in the

11

Settlement Agreement governs this dispute. Indeed, Thorrez concedes that "LuK has not asserted that the forum selection clause contained in the settlement agreement is controlling here," but then argues that "to the extent that LuK is making that assertion, that forum settlement clause should not be enforced [. . .] because it was obtained through duress and abuse of economic power to which Thorrez was forced to submit by the ex parte injunction issued by the Wayne Court of Common Pleas." (Doc. No. 8 at p. 7.)

The only argument that Thorrez advances that can reasonably be construed as supporting its contention that the forum selection clause at issue in the Contract should not be enforced is Thorrez's contention that it "is justly afraid that its suit would not be handled effectively or fairly in [the Wayne County Court of Common Pleas]." (Doc. No. 8 at p. 8.) In order to prevail on the second *Wong* factor, Thorrez must show that the Wayne County Court of Common Pleas would ineffectively or unfairly handle this suit. *Wong,* 589 F.2d at 829. Though not explicitly so, it is apparent that Thorrez bases its argument on the apparent unfavorable outcome of the prior action between the parties in Wayne County. Thorrez's subjective displeasure with a prior outcome falls well short of demonstrating that the Wayne County court would be "ineffective" or "unfair." Indeed, as in *Wong*, and the cases cited therein, courts addressing this factor are typically presented with questions of fairness and effectiveness as to claims administered by foreign countries and ask whether such "a risk exists that the litigants will be denied any remedy or will be treated unfairly." *Id.* at 829-30 (concluding that Gibraltar would be an effective and fair forum despite plaintiffs' allegations that Gibraltar does not allow jury trials and does not allow class-action suits for damages). Here, of course, both this Court and the Wayne County Court of Common Pleas would apply identical Ohio law to Thorrez's claims.

Plaintiffs carry a "heavy burden of showing that enforcing [a] forum selection clause would be unjust or unreasonable." *Id.* at 830. Thorrez has not made any attempt to justify its conclusory assertion that the forum selection clause should not be enforced as to *Wong v. Partygaming's* first and third factors, and its feeble attempt as to the second factor falls well short of supporting its heavy burden. Therefore, the Court holds that the forum selection clause is enforceable.

### III. CONCLUSION

For the foregoing reasons, LuK Transmission's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. This case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated:   April 8, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**